UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., *et al.*, | ) | Case No.: 1:03 CV 2456 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| J.M. CIRELLI, INC. *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Now pending before the court is Plaintiffs Broadcast Music, Inc., *et al.*'s ("Plaintiffs" or "BMI") Motion for Default Judgment Against Defendant Mary Cirelli ("Defendant"). (ECF No. 63.) For the reasons stated below, this motion is granted and judgment is entered in Plaintiffs' favor.

## I. FACTS AND PROCEDURAL HISTORY[1]

On December 2, 2003, BMI, a corporation that holds the right to license the public performance rights to certain musical compositions, filed a copyright infringement suit on behalf of itself and the owners of the infringed copyrights. (Pl. Compl., ECF No. 1.) Plaintiffs alleged that

---

[1] The court's Order on March 30, 2006, (ECF No. 57, at 1-2), provides a more complete factual and procedural history of the within case.

J.M. Cirelli, Inc., d/b/a Backstreet Café, and its owners/operators John Cirelli and Mary Cirelli,[2] infringed Plaintiffs' copyright on thirteen separate occasions by hosting performances of musical compositions owned by Plaintiffs in violation of 17 U.S.C. § 502.[3] (*Id.* ¶¶ 11, 16-17.) Before resorting to litigation, Plaintiffs notified Defendants of the infringements, by letter and telephone, on numerous occasions to no avail.[4]

The court granted default judgment against J.M. Cirelli, Inc., d/b/a Backstreet Cafe, on July 20, 2004. (Order, ECF No. 30.) As part of that judgment, the court awarded Plaintiffs $19,500 (or $1,500 for each composition infringed), as well as attorneys' fees, costs, and interest. (*Id.*) By the same Order, the court denied without prejudice Plaintiffs' motion for default judgment against John Cirelli because Plaintiffs had not perfected service. (*Id.*)

On April 12, 2005, Plaintiffs filed a motion to dismiss Defendant Mary Cirelli on the grounds that she had been subject to a temporary restraining order barring her from the Backstreet Café during the time period covered by the complaint. (ECF No. 52.) By the same motion, Plaintiffs moved to file a supplemental complaint against Mary Cirelli, and to join new Defendant Backstreet

---

[2] Defendant Mary Cirelli and her limited liability company Backstreet Café, Ltd., managed and operated Backstreet Café from approximately November 2003, to April 2006. (Decl. of Lawrence E. Stevens ¶ 3, ECF No. 63-3.)

[3] Plaintiffs contend that, in accordance with Fed. R. Civ. P. 4(c) and Local Rule 4.2(a), a copy of the summons and complaint was served on Mary Cirelli on December 2, 2003. (Pl. Mot. for Default J. at 3.) The docket indicates that a return of service regarding the summons and complaint that was served on Mary Cirelli by certified mail was filed on January 23, 2004. (ECF No. 10.)

[4] Exhibit B-2, attached to Plaintiffs' supplemental complaint, compiles letters that Plaintiffs sent to Defendants from February 1, 2001, until March 13, 2003. Each letter is addressed to Mary Cirelli. (ECF No. 63-5, Ex. B-2.) In addition, BMI's Assistant Vice-President for General Licensing submitted an affidavit describing Plaintiffs' communication with Defendants prior to filing suit. (Decl. of Lawrence E. Stevens, ECF No. 63-3.)

Café, Ltd. (a limited liability company of which Mary Cirelli is the sole member), for instances of copyright infringement that occurred after the dissolution of the temporary restraining order. (*Id.*) The court granted both motions on March 30, 2006. (Order, ECF No. 57.) The court ordered Defendants to respond to the pleadings within twenty days. (*Id.* at 4.)

Plaintiffs filed their supplemental complaint with the court on April 3, 2006, alleging seven claims of copyright infringement against Backstreet Café, Ltd. and Mary Cirelli (*Id.*, Count 2, ¶¶ 20-27).[5]

At a telephonic status conference held on April 10, 2006, the court granted Defendant Mary Cirelli's counsel's motion to withdraw, and granted Defendant fourteen days to inform the court whether she intended to retain new counsel. (Order, ECF No. 60.) The court also granted Defendant a fourteen-day extension to respond to the supplemental complaint and Plaintiffs' discovery requests. (*Id.*) Defendant did not respond.

On May 25, 2006, the court held a telephonic status conference, which was attended by Plaintiffs' counsel and Defendant Mary Cirelli, *pro se*. (Order, ECF No. 61.) Defendant indicated that she was destitute, that she planned to file bankruptcy within two weeks, and that she did not expect to retain counsel. (*Id.*) At the conference, the court granted Defendant an extension until June 1, 2006, to respond to the supplemental complaint and Plaintiffs' discovery requests. The court also stated that there would be no further extensions, and that if Defendant did not respond, that Plaintiffs could move for default judgment or other appropriate sanctions. (*Id.*) Defendant did not respond.

---

[5] Plaintiffs contend that the infringements all occurred on March 7, 2005. (*Id.* ¶ 21.) The seven copyrighted works at issue in the instant case are listed in the schedule attached to Plaintiffs' supplemental complaint as Exhibit B. (ECF No. 58-3.)

On July 27, 2006, the court held its most recent telephonic status conference with Plaintiffs' counsel and Defendant Mary Cirelli, *pro se*. (Order, ECF No. 62.) The court stated that it was evident that no settlement was possible, and stated that Plaintiffs could file for default judgment or other relief. On October 20, 2006, Plaintiffs filed the pending Motion for Default Judgment Against Defendant Mary Cirelli.[6] (ECF No. 63.) Plaintiffs request each of the forms of relief specified in their supplemental complaint, namely, an injunction, statutory damages, attorneys' fees and costs. (*Id.* at 4; *see* Pl. Supp. Compl. 8, ECF No. 58.)

## II. LAW AND ANALYSIS

### A. Default Judgment

The entry of defaults and default judgments is governed by the Federal Rules of Civil Procedure. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides for a party to apply to the court for a default judgment in cases that do not involve a sum certain. Fed. R. Civ. P. 12(a)(1)(A) also requires a defendant to serve an answer "within twenty days after being served with the summons and complaint . . . ."

As the procedural history illustrates, the court has granted Defendant numerous extensions and opportunities to respond to Plaintiffs' pleadings. To date, Defendant has not responded to either the supplemental complaint or to Plaintiffs' discovery requests. Given Defendant's failure to

---

[6] In their motion, Plaintiffs also state that they voluntarily dismiss the remaining Defendants John Cirelli and Defendant Backstreet Café, Ltd., LLC, d/b/a Backstreet Café, pursuant to Fed. R. Civ. P. 41(a)(1)(i). (ECF No. 63, at 2.)

comply with the requirement of Rule 12(a)(1)(A) or with the court's Orders, a default judgment in this case is appropriate, and Plaintiffs' Motion (ECF No. 63) is granted.

### B. Damages

As Defendant is deemed liable for copyright infringement,[7] the court must now determine the amount of damages. The court has discretion to award damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for each work infringed. 17 U.S.C. § 504(c); *see F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952) (stating that the trial court has broad discretion to determine the amount of damages in a copyright infringement suit); *Broadcast Music, Inc. v. Mirage Images, Inc.*, 2005 U.S. Dist. LEXIS 42880, *23 (D. Tenn. Nov. 2, 2005) (quoting *Woolworth*).

Plaintiffs argue that "[i]n light of Mary's repeated, continual and blatant disregard for the Court's Orders and Plaintiffs' copyrights," an award in excess of the statutory minimum is justified. (Pl. Mot. for Default J. at 4-5.) Where a copyright infringement is willful, the court may increase damages to $150,000. 17 U.S.C. § 505(c)(2). A copyright holder satisfies its burden of proving willfulness "if the defendant 'has knowledge,' either actual or constructive, 'that its actions constitute an infringement,' or recklessly disregards a copyright holder's rights." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001) (citations omitted). As Defendant Mary Cirelli ignored Plaintiffs' repeated written and oral warnings and demands to execute licensing agreements, the court finds that willful infringement has been established. *See Moose Music v. K&D*

---

[7] Where a defendant fails to plead or otherwise defend an action, "the material allegations of the complaint are deemed admitted." *See e.g., Capitol Records, Inc. v. Hilliard*, 2006 U.S. Dist. LEXIS 59459, *2 (D. Mich. Aug. 23, 2006).

*of Battle Creek*, 1995 U.S. Dist. LEXIS 4217, *6 (D. Mich. 1995) (finding willfulness where the defendants continued to perform the copyrighted works after being notified of the infringements).

In cases of asserted willful infringement, the court considers, among other things, the amount of loss to the copyright holder and the need to deter future violations. *See*, *e.g., Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 660 (S.D.N.Y.1996) (listing many cases in which courts awarded damages totaling approximately three times the cost of unpaid licensing fees). The court also acknowledges the principle that statutory damages should exceed the unpaid license fees "so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them." *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (D. Pa. 1985) (citation omitted). On the other hand, the court is also persuaded that "the penalty must be proportionate to the extent of the infringement." *Broadcast Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 169 (D. N.J.1995) (reducing the requested $14,000 award down to $3,500 on the grounds that the Copyright Act was enacted to deal with "infringers ranging from relatively small nightclubs, such as the one presented here, to large scale pirates").

Plaintiffs request a $3,000 award for each composition infringed, for a total award of $21,000. (Pl. Mot. for Default J. at 4-5.) The court concludes that the requested award would be excessive, especially where Plaintiffs have not submitted evidence demonstrating the amount that Plaintiffs lost due to unpaid licensing fees.[8] The court further finds that the size of the Backstreet

---

[8] A review of Plaintiffs' correspondence with Defendants found contradictory and confusing information. For example, Plaintiffs informed Defendant Mary Cirelli by mail on November 2, 2001, that $2,100 was owed "for the period of 09/01/2001 to 08/31/2002 only." (ECF No. 63-5, Ex. B-2, at 9.) Yet a licensing agreement, presumably completed by Plaintiffs and mailed to Defendants to sign, lists $3,900 as the licensing fee for the 2001 calendar year. (*Id.* at 13-14.)

Café[9] weighs in favor of awarding a lower amount of damages. Thus, the court finds that $1,500 for each composition infringed would be appropriate – the same amount that the court awarded in its default judgment order against J.M. Cirelli. (Order, ECF No. 30.) This amount should be sufficient both to compensate Plaintiffs for their loss and to deter future violations by Defendant. Accordingly, Plaintiffs are awarded $10,500 in statutory damages ($1,500 for each of the seven compositions infringed).

### C. Injunctive Relief

The court hereby enjoins and restrains Defendant Mary Cirelli, as well as her agents, servants, employees, and all persons acting under her mission and authority, from infringing, in any manner, the copyrighted musical compositions licensed by BMI.

### D. Attorneys' Fees and Costs

Plaintiffs also seek $5,441.10 in attorneys' fees and $24.40 in costs pursuant to 17 U.S.C. § 505. (Def. Mot. for Default J. at 5.) Section 505 provides, in relevant part, that the court has discretion to "award a reasonable attorney's fee to the prevailing party as part of the costs." In light of the fact that Defendant willfully refused to execute a licensing agreement despite Plaintiffs' numerous requests and demands, the court finds that considerations of compensation, deterrence, and the objectives of the Copyright Act weigh in favor of awarding attorneys' fees in the instant case. *See Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 n.19 (1994) (listing several nonexclusive factors that courts may consider in determining whether to award attorneys' fees).

---

[9] According to the licensing agreement that Plaintiffs completed and sent to Defendant, the Café has a maximum occupancy of 475. (ECF No. 63-5, Ex. B-2, at 13.)

The court must now determine whether the fees Plaintiffs seek are reasonable. "It is well settled law that the 'lodestar' approach is the proper method for determining the amount of reasonable attorney's fees." *Building Svcs. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar approach multiplies the number of hours reasonably spent by a reasonable hourly rate. *Id.* There is a "strong presumption" that this figure is a reasonable fee. *Id.*

Upon review, the court concludes that Plaintiffs' requested fees and costs are reasonable. To support its award, Plaintiffs have submitted the affidavit of Ronald H. Isroff ("Isroff"), counsel for Plaintiffs. (Decl. of Ronald H. Isroff, ECF No. 63-9, Ex. F.) Isroff avers that he performed 7.3 hours of work for a total of $2,500.50 in fees; that associate Maria A. Citeroni performed 6.9 hours of work for a total of $1,173.00 in fees; and that associate Anne M. Klepach performed 10.10 hours of work for a total of $1,767.60 in fees. (*Id.* ¶¶ 11-13.) For each individual, Isroff provided the hourly rate, a brief description of the relevant tasks performed, the date the task was performed, and the amount of time spent per task. (*Id.*) Finally, the affidavit states that Plaintiffs' counsel incurred $24.40 for document reproduction. (*Id*. ¶ 16.) Based on this detailed information, the court finds that the fees and costs submitted are reasonable. Thus, pursuant to § 505, Plaintiffs are awarded $5,441.10 in attorneys' fees and $24.40 in costs.

### III. CONCLUSION

For the reasons stated above, the court hereby grants Plaintiffs' Motion for Default Judgment as to Defendant Mary Cirelli (ECF No. 63). Plaintiffs are awarded $10,500 in statutory damages under 17 U.S.C. § 502, as well as $5,441.10 in attorneys' fees and $24.40 in costs under § 505, plus interest on the full amount of this judgment pursuant to 28 U.S.C. § 1961. Defendant Mary Cirelli

and her agents, servants, employees, and all persons acting under her mission and authority, are enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI.  The court also notes that Plaintiffs have voluntarily dismissed without prejudice Defendant John Cirelli and Defendant Backstreet Café, Ltd., LLC, d/b/a Backstreet Café, pursuant to Fed. R. Civ. P. 41(a)(1)(i).  As a result, all of the claims against all of the parties have now been resolved.

      IT IS SO ORDERED.

                                              /s/ *SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

November 21, 2006